IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | |
| CHEMCORE INDUSTRIES, INC., | : : : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Marie Simmons (formerly Marie Carver) ("Simmons") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, ("Plaintiff") alleges that Defendant Chemcore Industries, Inc. ("Defendant") subjected Simmons to unlawful discrimination by terminating her employment because of her pregnant status, in violation of Title VII.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Georgia, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than 30 days prior to the institution of this lawsuit, Marie Simmons filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least March 31, 2009, Defendant engaged in unlawful employment practices at its Marietta, Georgia, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Simmons' employment due to her pregnancy.

8.   On March 31, 2009, during her second day of work, Simmons informed her supervisor, Branch Manager Edward Weikle ("Weikle"), that she was pregnant.

9.   After consulting with Vice President Lee Ann Concienne, Weikle informed Simmons that the owners were not happy about her pregnancy and that

she had deceived the company by not disclosing her pregnancy during the interview.

10. On March 31, 2009, only hours after Simmons informed Weikle of her pregnancy, Simmons was terminated.

11. The effects of the practices complained of in paragraph 7 through 10, above, have been to deprive Simmons of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

12. The unlawful employment practices complained of in paragraph 7 through 10, above, were intentional.

13. The unlawful employment practices complained of in paragraph 7 through 10, above, were carried out with malice and/or reckless indifference to the federally protected rights of Simmons.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex

and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Simmons, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Simmons, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 10, above, including job search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Simmons, by providing compensation for past and future non-pecuniary losses resulting from the unlawful

employment practices described in paragraphs 7 through 10, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress and humiliation in amounts to be determined at trial.

F.  Order Defendant Employer to pay to Simmons punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7 through 10, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

[Jury Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
| 9/29/11 | s/ Robert K. Dawkins |
| Date | Robert K. Dawkins |

Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Sairalina Montesino
Trial Attorney
Georgia Bar No. 940665
sairalina.montesino@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905