IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : : : Plaintiff, : : v. : : CHEMCORE INDUSTRIES, INC., : : and : : CHEMCORE INDUSTRIES OF GEORGIA, LLC, : : : : Defendants. : : | CIVIL ACTION NO. 1:11-CV-03323-ODE-RGV  **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Equal Employment Opportunity Commission ("Plaintiff"), and files this First Amended Complaint as of right pursuant to Rule 15(a), Federal Rules of Civil Procedure. This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Marie Simmons (formerly Carver)

5

("Simmons") who was adversely affected by such practices.  Plaintiff alleges that Defendants Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC (hereinafter "Defendants") are an integrated enterprise that subjected Simmons to unlawful discrimination by terminating her employment because of her pregnant status, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendants Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC have continuously been doing business in the State of Georgia, and have continuously had at least 15 employees, either individually or as an integrated enterprise.

5.   Chemcore Industries, Inc. is a Texas corporation that has already been served with process. Jurisdiction and venue are proper in this Court as to Chemcore Industries, Inc.

6.   Chemcore Industries of Georgia, LLC is a Georgia limited liability company that can be served with process through its registered agent, C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361. Jurisdiction and venue are proper in this Court as to Chemcore Industries of Georgia, LLC.

7.   At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

8.      Defendants are so integrated that they constitute a "single" or "integrated" employer for purposes of Title VII.

9.      At all times relevant to the claims in this Amended Complaint, Defendants had common management, interrelation between operations, centralized control of labor relations, and common ownership and financial control.

10.     At all times relevant to the claims in this Amended Complaint, there was an interrelation between the operations of Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC.  Chemcore Industries, Inc. is one of the largest wholesale manufacturer and distributor of sinks, faucets and related accessories in the United States, with wholesale warehouses in Austin, Texas and Atlanta, Georgia.  Upon being hired by Chemcore Industries of Georgia, LLC, Ms. Simmons was required to enter into an "Employment Agreement" which unequivocally identifies her as an employee of Chemcore Industries, Inc.  Plaintiff sent Chemcore Industries of Georgia, LLC a Request for Information pursuant to the investigation of Ms. Simmons' Charge of Discrimination.  In response, Chemcore Industries, Inc. submitted a statement and documents on behalf of Chemcore Industries of Georgia, LLC.  Throughout the investigation, Chemcore

Industries, Inc. made numerous contacts with Plaintiff on behalf of Chemcore Industries of Georgia, LLC.

11.     Defendants' website, www.chemcore.com, identifies Chemcore Industries, Inc. as the company and lists the Atlanta office simply as a separate wholesale warehouse and showroom. All payments for Chemcore Industries, Inc. are directed to be mailed to P.O. Box 17155, Austin, Texas, 78760, the same address listed as the Principal Office Address for Chemcore Industries of Georgia, LLC on Georgia Secretary of State filing documents. Furthermore, customers with questions, comments or concerns are directed to call a single phone number or email address, without making a distinction between the two entities.

12.     At all times relevant to the claims in this Amended Complaint, there was centralized control of labor relations and common management between the Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC.  Upon information and belief, Chemcore Industries, Inc. exercised extensive control over Chemcore Industries of Georgia, LLC's employment matters. Johnny Crain, President for both Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC, ("Crain") and/or Vice President LeeAnn Concienne were the ultimate

decision-maker(s) regarding employment matters for both entities and the final decision-maker(s) with regard to Ms. Simmons' hiring, as well as her termination.

13. At all times relevant to the claims in this Amended Complaint, Chemcore Industries, Inc. and Proposed Defendant had common ownership and financial control because, upon information and belief, both entities are owned by Johnny Crain, who controls financial operations for both entities.

## STATEMENT OF CLAIMS

14. More than 30 days prior to the institution of this lawsuit, Marie Simmons filed her charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. Since at least March 31, 2009, Defendants engaged in unlawful employment practices at their Marietta, Georgia facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Simmons' employment due to her pregnancy.

16. On March 31, 2009, during her second day of work, Simmons informed her supervisor, Branch Manager Edward Weikle ("Weikle"), that she was pregnant.

17.     After consulting with Vice President Lee Ann Concienne who is located in Austin, Texas, Weikle informed Simmons that the owners were not happy about her pregnancy and that she had deceived the company by not disclosing her pregnancy during the interview.

18.     On March 31, 2009, only hours after Simmons informed Weikle of her pregnancy, Simmons was terminated.

19.     The effects of the practices complained of above have been to deprive Simmons of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

20.     The unlawful employment practices complained of above were intentional.

21.     The unlawful employment practices complained of above were carried out with malice and/or reckless indifference to the federally protected rights of Simmons.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all other persons in active concert or participation with them, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to make whole Simmons, who was adversely affected by Defendants' discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendants to make whole Simmons, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses not covered by Defendants' employee benefit plan, in amounts to be determined at trial.

E.   Order Defendants to make whole Simmons, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay to Simmons punitive damages for Defendants' malicious and/or reckless conduct described above in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

> Respectfully submitted,
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE

                                        Deputy General Counsel

                                        GWENDOLYN YOUNG REAMS
                                        Associate General Counsel

_____        _____
     Date                              Robert K. Dawkins
                                        Regional Attorney
                                        Georgia Bar No. 076206
                                        robert.dawkins@eeoc.gov

                                        Sairalina Corniel
                                        Trial Attorney
                                        Georgia Bar No. 940665
                                        sairalina.corniel@eeoc.gov

                                        U.S. Equal Employment Opportunity
                                        Commission
                                        Atlanta District Office
                                        100 Alabama St., SW, Suite 4R30
                                        Atlanta, Georgia 30303
                                        Telephone:   (404) 562-6818
                                        Facsimile:    (404) 562-6905