FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 1 9 2012

James N. Hatten, Clerk
By: *[signature]*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : : | CIVIL ACTION NO. 1:11-CV-03323-ODE-RGV |
| v. | : : : | |
| CHEMCORE INDUSTRIES, INC., | : : : | |
| and | : : : | |
| CHEMCORE INDUSTRIES OF GEORGIA, LLC, | : : : : : | |
| Defendants. | : : | |

## CONSENT DECREE

This action was instituted on September 29, 2011, by the Equal Employment Opportunity Commission ("EEOC" or the "Commission") against the Defendant Chemcore Industries, Inc., (the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action. The

1

Commission filed an Amended Complaint on May 7, 2012, joining Chemcore Industries of Georgia, LLC as a Defendant to this action.

In its Amended Complaint, the Commission alleged that Marie Simmons was terminated from her employment with the Defendants due to her sex, female, and pregnancy in violation of Title VII and the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.§ 2000e(k).  The Commission also sought make-whole relief including, but not limited to back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.  Defendants filed their Answer to the Amended Complaint on May 21, 2012.  In its Answer, Defendants denied that they had violated Title VII and the PDA as alleged in the Amended Complaint, and requested that the Court Deny any relief to the Commission based on the Amended Complaint.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree which will promote and effectuate the purposes of Title VII.  The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Marie Simmons and the Commission's Amended Complaint.  They enter into

this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendants but constitutes the good faith settlement of a disputed claim.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

**I.   JURISDICTION AND VENUE**

For purposes of this Consent Decree only, the Parties agree that Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Nothing herein shall otherwise act as an admission of centralized control or management of Defendants for the purposes of establishing jurisdiction over either or both entities under the statutes identified above. Jurisdiction over both Defendants as stated is for the purpose of this Consent Decree, and any directly

related enforcement action only.

**II.     DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by any party with respect to the claims or defenses asserted in this case. Notwithstanding the provisions herein, Defendants deny liability or wrongdoing. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

**III.    NON-DISCRIMINATION PROVISION**

Defendants, including their officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with them, are enjoined from discriminating against any individual because of sex or pregnancy. Defendants agrees to comply with Title VII, and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall and continue to be conducted in a manner that does not discriminate on the basis of sex or pregnancy.

IV. **NON-RETALIATION PROVISION**

Defendants, their officers, agents, employees, successors, assigns, and all those in active concert or participation with them, shall not engage in reprisal or retaliation of any kind against any person because such person:

a. requested and/or received relief in accordance with this Consent Decree;

b. participated in any manner in this action or in the investigation giving rise to this action; or

c. asserted any rights under this Consent Decree.

V. **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Decree, Defendants shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at their Marietta, Georgia and Austin, Texas facilities have been instructed as to the terms of this Consent Decree, and the full meaning of the provisions of the Notice to be posted, and that Defendants have reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI. <u>TRAINING</u>

Within ninety (90) days of entry of this Decree, Defendants will provide a minimum of two (2) hours of EEOC-approved live anti-discrimination training (either live or video) for all managerial and supervisory employees. The training will include review of the employment policies described in paragraph 5 above, types of prohibited employment actions (including harassment by employees or non-employees and retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they believe they have been subjected to prohibited employment actions. Similar live training will be provided annually thereafter. In addition, similar training (either live or video) will be provided for all new managerial and supervisory employees within fourteen (14) days of employment.

Within ninety (90) days of entry of this Decree, Defendants will provide all non - managerial and non-supervisory employees anti-discrimination training (either live or video). The training will include review of the employment policies described in paragraph 5 above, types of prohibited employment actions (including harassment by employees or non-employees and retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they

believe they have been subjected to prohibited employment actions. Such training will last a minimum of 30 minutes. Similar training will be provided for all new non-managerial and non-supervisory employees within fourteen (14) days of employment. All non-managerial and non-supervisory employees will receive similar training at least once per year.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.  REPORTING REQUIREMENT

Every twelve (12) months for the duration of this Consent Decree, Defendants shall certify in writing to the Regional Attorney whether any person employed at Defendants' Marietta, Georgia and Austin, Texas facilities has complained about sex or pregnancy discrimination.  If an employee has so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c)   The name and title of the person against whom the complaint or report

was made;

(d)  The nature of the complaint or report;

(e)  The name and title of Defendant's official to whom the complaint or report was made;

(f)  A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. **NOTICES TO BE POSTED**

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendants shall keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the facilities shall have the opportunity to observe at least one such posting when at the facilities. Defendants will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within

thirty (30) days of such date, that posting has been accomplished.

Defendants shall not withhold the right of the EEOC to enter upon its premises with two (2) work days notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendants will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IX.   CHARGING PARTY'S INDIVIDUAL RELIEF

Defendants, in settlement of all claims alleged by the Commission in its Complaint, shall pay Marie Simmons within fifteen (15) business days of the entry of this Consent Decree the amount of thirty thousand dollars ($30,000.00). Within five (5) business days of issuing the checks to Marie Simmons, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## X.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required

hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said twenty four (24) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty four (24) month period have been resolved. At the expiration of the twenty four (24) month period of jurisdiction, if all obligations have been performed by the parties under this

Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XI. COMPLIANCE OFFICIAL

The Defendant has designated Johnny Crain to be Defendants' Compliance Official who shall be responsible for Defendants' compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendants' compliance with the specific terms of this Consent Decree.

## XII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify, in writing by first class mail and facsimile, Defendants' Compliance Official if it has any reason to believe that any act or omission by Defendants is in violation of the Consent Decree. Defendants shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendants' report, the Commission concludes that the

deficiency has not been satisfactorily cured by Defendants, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII. **OTHER ACTIONS**

The Commission shall not commence or prosecute Defendants for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Marie Simmons' claims that she was discharged by Defendant due to her sex, female, and pregnancy in violation of Title VII and the PDA, as embodied in EEOC Charge Number 410-2009-03135, which was filed with, and investigated by, the EEOC's Atlanta District Office. All

necessary and proper actions shall be taken by the EEOC to withdraw any administrative claim that serves in whole or part as the basis for the action. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendants in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEYS FEES

The EEOC and Defendants shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

        *s/Robert K. Dawkins*
        ROBERT K. DAWKINS
        Georgia Bar Number: 076206

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION- Atlanta District Office
        100 Alabama Street, SW, Suite 4R30
        Atlanta, Georgia   30303
        Telephone:  (404) 562-6818
        Facsimile:   (404) 562-6905

Counsel for Defendants:

        *s/Sherrard L. Hayes*
        SHERRARD L. HAYES, ESQ.
        Texas Bar Number: 00784232
        *Admitted Pro Hac Vice*

        WEISBART SPRINGER HAYES, LLP
        212 Lavaca, Suite 200
        Austin, TX  78701
        Telephone: (512) 652-5783

SO ORDERED this 19 day of Sept , 2012.

        _____
        Orinda D. Evans, District Judge
        United States District Court
        Northern District of Georgia, Atlanta Division

# EXHIBIT A

## NOTICE TO EMPLOYEES AND JOB APPLICANTS

(on company letterhead)

This Notice is posted as part of a remedy agreed to pursuant to a Consent Decree entered in the case of *Equal Employment Opportunity Commission (EEOC) v. Chemcore Industries, Inc. and Chemcore Industries of Georgia, LLC*, Case No. 1:11-CV-03323-ODE-RGV, on file in the United States District Court for the Northern District of Georgia, Atlanta Division. The agreed remedy as set forth in the Consent Decree includes monetary relief; training regarding federal statutes prohibiting employment discrimination; notice of rights to employees and job applicants; reporting requirements; and an agreement by defendants to not discriminate on the basis of pregnancy in hiring, firing, work assignments, pay, promotion or other terms or conditions of employment.

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability or age (forty and over), and it prohibits retaliation against persons who file charges with the EEOC, or who participate in or cooperate with an EEOC investigation. Chemcore Industries Inc, and Chemcore Industries of Georgia, LLC support and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, the companies will not tolerate discrimination in employment, nor will they tolerate retaliation against any employee for exercising rights under law.

Employees or job applicants should feel free to report instances of discriminatory treatment to management officials at any time. The company has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination. Individuals are also free to make complaints about employment discrimination to the Office of the Regional Attorney, United States Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303 (Attention: Robert K. Dawkins, Regional Attorney), or by telephone to (404) 562-6818.